**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MARCUS WEAVER**                                                                     **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 3:17-cv-657-WHB-JCG**

**UNITED STATES OF AMERICA; ET AL.**                     **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1] and the other pleadings in this case, the Court finds it should be adopted with respect to the FTCA claim and the severance/transfer of the claims against the out-of-state defendants. The recommendation that additional time be granted to serve certain defendants has been rendered moot by their subsequent waivers of service.

### I. Discussion

In March of 2016, Marcus Weaver ("Weaver") filed a lawsuit in the United States District Court for the Southern District of Illinois alleging, among other things, that the medical treatment he received while incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI Yazoo"); and the

---

[1] The parties were required to file objections to the R and R on or before August 27, 2018. No objections were filed.

Federal Correctional Institution in Perkin, Illinois ("FCI Perkin") was both negligent and had violated his constitutional rights. In his Complaint, Weaver alleged negligence claims under the Federal Tort Claims Act ("FTCA") against FCI Yazoo, FCI Perkin, and several individual health care providers at those facilities. Weaver also alleged Eighth Amendment <u>Bivens</u> claims against the individual health care providers.

While the case was pending in Illinois, the FTCA claims against the individual healthcare providers and FCI Perkin were dismissed. Upon the re-pleading of his <u>Bivens</u> claims, Weaver was permitted to proceed on those claims as well as his FTCA claim arising from the medical care he received at FCI Yazoo. On Motion of the Government, the case was transferred to this Court.

Following the transfer of venue, the Government filed a Motion to Dismiss, or in the alternative, for Summary Judgment raising the following arguments: (1) the Court could not exercise personal jurisdiction over the individual FCI Perkin health care providers; (2) Weaver was not entitled to relief on his FTCA claims; and (3) Weaver was not entitled to relief on his <u>Bivens</u> claims against the individual FCI Yazoo health care providers because (a) they were not properly served, and (b) they were immune from suit. Weaver responded by filing his own Motion for Summary Judgment and a Motion seeking to have his claims against the individual FCI Perkin health care providers transferred back to Illinois.

The Motions came before United States Magistrate Judge John C. Gargiulo who entered the R and R that is presently before the Court. In his R and R, Judge Gargiulo recommended that the Government be granted summary judgment on the FTCA claim arising from the health care Weaver received at FCI Yazoo because Weaver did not submit expert testimony as required to support that claim. See R and R [Docket No. 77], 7-10. Next, Judge Gargiulo recommended that the Bivens claims against the individual FCI Perkin health care providers be severed, on the grounds of improper joinder, and transferred to the United States District Court for the Central District of Illinois where both venue and personal jurisdiction could be properly exercised. Id. at 10-14. Finally, Judge Gargiulo recommended that Weaver be granted additional time in which to properly serve the individual FCI Yazoo health care providers. Id. at 14-15.

After reviewing the R and R, to which no objections have been filed, as well as the other pleadings in this case, the Court agrees that summary judgment should be granted in favor of the Government with respect to the FCI Yazoo-related FTCA claim, and that the claims against the individual FCI Perkin health care providers should be severed and transferred to the United States District Court for the Central District of Illinois for the reasons given by Judge Gargiulo. Accordingly, the Court will adopt Judge Gargiulo's R and R as to these issues. Judge Gargiulo's

recommendation that Weaver be granted additional time to serve the individual FCI Yazoo health care providers is now moot as the Docket shows that each of them has waived service of process in this case.  See Waivers [Docket Nos. 84-88].

For the foregoing reasons:

IT IS THEREFORE ORDERED that the August 9, 2018, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 77], is hereby adopted as the ruling of this Court with respect to the granting of summary judgment on the FTCA claim arising from the health care provided to Marcus Weaver while he was incarcerated at FCI Yazoo.  This claim is hereby dismissed.

IT IS FURTHER ORDERED that the Report and Recommendation is adopted as the ruling of this Court with respect to the severing and transferring of the claims alleged against the individual FCI Perkin healthcare providers.  The Clerk of Court is hereby directed to sever Plaintiff's claims against Dr. Jeffery Lee Ho, Scott Moats, and Todd Wall, and transfer those claims to the United States District Court for the Central District of Illinois.

IT IS FURTHER ORDERED that the Motion of the Government for Summary Judgment [Docket No. 57] is hereby granted in part, and denied in part as ordered above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Docket No. 67] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Change Venue

[Docket No. 71] is hereby granted to the extent his claims against Dr. Jeffery Lee Ho, Scott Moats, and Todd Wall, have been ordered severed and transferred to the United States District Court for the Central District of Illinois.

SO ORDERED this the 18th day of September, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE